OPINION
Defendant, Virgil Shepherd, appeals from his conviction and sentence for trafficking in marijuana.
Moraine Police Det. John Brun is an undercover agent with the Ohio Organized Crime Task Force. On March 6, 2001, Det. Brun went to the Trotwood home of Wayne West in order to purchase marijuana. Det. Brun had previously purchased marijuana from West on four occasions. When Det. Brun asked to purchase marijuana, West stated that he did not have any but he was expecting "Rick and Wayne" to bring marijuana to him shortly. Det. Brun waited there for the marijuana to arrive.
Two men arrived at West's house: Rick Shepherd and Defendant, Virgil Shepherd, aka "Wayne." Det. Brun observed West and Shepherd enter a bedroom. Defendant held his arms against his side, as though he was holding something underneath his jacket. No one else entered or left that bedroom.
West came out of the bedroom five minutes later and told Det. Brun that he was "bagging it up" and that it would take just another minute. After brief price negotiations, West returned to the bedroom and then emerged with a baggie containing slightly more than one ounce of marijuana that he then sold to Det. Brun for one hundred eighty dollars.
Defendant was later indicted on one count of trafficking in marijuana in violation of R.C. 2925.03(A)(1). Defendant was found guilty following a jury trial. The trial court imposed the maximum sentence, twelve months imprisonment.
Defendant has timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 "DEFENDANT-APPELLANT'S CONVICTION FOR TRAFFICKING IN MARIJUANA WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
Defendant claims that the evidence is legally insufficient to convict him of trafficking in marijuana because no witness actually observed him in possession of any marijuana. The circumstantial evidence presented by the State, however, is sufficient to demonstrate that Defendant aided and abetted Wayne West in knowingly selling marijuana to Det. Brun.
The State's evidence demonstrates that when Det. Brun attempted to purchase marijuana from Wayne West on March 6, 2001, West said that he didn't have any but that Rick and Wayne would be bringing him some marijuana shortly. One hour later Rick Shepherd and Defendant, Virgil Wayne Shepherd, arrived at West's home. Defendant appeared to be holding something under his jacket. Five minutes after Defendant and Wayne West entered a bedroom, West emerged and told Det. Brun that he was bagging the marijuana and it would be just another minute. Prior to Defendant arriving at West's house and going into the bedroom alone with West, West had no marijuana to sell. Afterward, West had marijuana to sell to Det. Brun.
From this evidence the jury could reasonably infer that Defendant provided the marijuana to West to sell to Det. Brun. Circumstantial and direct evidence have the same probative value. Jenks, supra. Viewing the evidence presented in this case, particularly the testimony by Det. Brun, in a light most favorable to the State, a rational trier of fact could conclude that all of the elements of the offense were proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. State v. Bradley (October 2, 1997), Champaign App. No. 97-CA-03, unreported.
With respect to whatever conflict in the evidence was created by Defendant's evidence that he and Wayne West were not close friends and that Defendant may have had a reason for going over to West's home other than to supply West with drugs for sale, the jury obviously chose to believe Det. Brun's version of the events. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v. DeHass (1967), 10 Ohio St.2d 230.
In reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the jury lost its way, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED BY SENTENCING DEFENDANT-APPELLANT TO THE MAXIMUM PRISON TERM OF TWELVE MONTHS OF INCARCERATION FOR HIS CONVICTION OF TRAFFICKING IN MARIJUANA AS THE TRIAL COURT MADE NO FINDING IN THE RECORD OF THE STATUTORY FACTORS CONSIDERED IN DETERMINING THAT DEFENDANT-APPELLANT WAS NOT ELIGIBLE FOR COMMUNITY CONTROL SANCTIONS, AND THE MAXIMUM PRISON TERM WAS APPROPRIATE."
Defendant argues that the trial court failed to make the findings necessary to support the maximum sentence it imposed upon him.
Defendant was convicted of trafficking in marijuana, a felony of the fifth degree for which the possible sentence is a definite prison term of from six to twelve months. R.C. 2925.03(C)(3)(a); 2929.14(A)(5). The trial court sentenced Defendant to twelve months, the maximum prison term authorized for the offense.
In order to impose the maximum sentence, the trial court must find that defendant either "committed the worst form of the offense" or "poses the greatest likelihood of committing future crimes," and also state its reasons for making the finding. R.C. 2929.14(C), R.C. 2929.19(B)(2)(d);State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
Neither during the sentencing hearing nor in its sentencing entry did the trial court make either of the alternative findings in R.C. 2929.14(C). The trial court did observe that Defendant had been involved with the juvenile justice system, that he had three previous felony convictions, and that he was not an appropriate candidate for community control. The State argues that those observations were equivalent to an implicit finding that Defendant "poses the greatest likelihood of committing future crimes." R.C. 2929.14(C). We disagree.
Recitation of the exact words used in R.C. 2929.14(C) is not required,State v. Ruby (Oct. 4, 2002), Champaign App. Nos. 02CA6, 02CA22. Even so, at least one of the two alternative findings one section requires and the court's rationale in making it must be expressed on the record. The trial court's references to Defendant's lengthy criminal record, while they may portray a sufficient reason to find that Defendant is likely to commit future crimes, is nevertheless in and of itself insufficient to constitute the finding that defendant poses the greatest likelihood of committing future crimes. Both are required in this instance before a maximum tern of incarceration may be imposed.Having failed to make one of the two statutory findings set out in R.C. 2929.14(C), and the reason for that finding, the trial court's maximum sentence that it imposed upon Defendant is contrary to law.
The findings and reasons requirement has a dual purpose. One purpose is to induce a more systematic gradation of penalties within an available range that are imposed by relating the sentence to the particular conduct and offender involved. The other is to facilitate the limited appellate review of certain sentences that R.C. 2953.08 now affords. Both are addressed to achieving a more uniform and consistent pattern of sentencing across the State of Ohio by reducing the prospect of unduly harsh and lengthy prison sentences. Achieving that goal benefits not only the defendant who is incarcerated but also the taxpayers of the state who must bear the financial burden of a prolonged incarceration.
The second assignment of error is sustained, Defendant's sentence is reversed and vacated, and this matter will be remanded to the trial court for resentencing in accordance with this opinion.
BROGAN, J. and YOUNG, J., concur.